18-1238-cr
United States v. Stone

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges,*
          LEWIS A. KAPLAN,*
                    *District Judge.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

   *Appellee,*

   v.          No. 18-1238-cr

RYAN STONE,
   *Defendant-Appellant.*

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

-----------------------------------------------------------------

FOR APPELLANT: MOIRA L. BUCKLEY, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender, District of Connecticut, Hartford, CT.

FOR APPELLEE: NANCY V. GIFFORD, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ryan Stone appeals from a judgment of the District Court (Bryant, J.) sentencing him principally to a within-Guidelines sentence of 292 months' imprisonment and ten years' supervised release following his guilty plea to one count of production of child pornography.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Stone argues that the District Court misconstrued Stone's statement at

sentencing and erroneously found that Stone lacked remorse. The District Court understood Stone's statement to imply not that Stone lacked remorse but that he was more concerned with the impact of his crime on his own life, rather than on his victim's. The District Court's understanding reflected a permissible view of the record. See United States v. Proshin, 438 F.3d 235, 238 (2d Cir. 2006). In any event, we note that the District Court ultimately applied a three-level reduction for Stone's acceptance of responsibility.

Stone also argues that the District Court erred by considering only whether to depart rather than vary downward and by discussing only one of the grounds for downward variance that he raised. The District Court did not err. Although it did not use the term "variance," the District Court stated that it had considered the Section 3553(a) factors on which any variance would be based. The District Court also expressly addressed two of the grounds for a variance raised by Stone, namely, Stone's troubled childhood and the length of Stone's previous sentences. Moreover, district courts are not "required . . . to make specific responses to points argued by counsel in connection with sentencing," United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010), especially where, as with the two grounds for downward

3

variance not expressly addressed by the District Court, "[the] argument is not raised during a sentencing proceeding," United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007). The District Court here has "satisf[ied] us . . . that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." United States v. Kerr, 752 F.3d 206, 223 (2d Cir. 2014) (quotation marks omitted).

Lastly, Stone argues that the sentence was substantively unreasonable. But the District Court's bottom-of-the-Guidelines sentence was "within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 191 (2d Cir. 2008).

We have considered Stone's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4